IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04253-GPG

DANNY JESUS FORD JARAMILLO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is a Petition for Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (D. 1). Petitioner seeks release or, in the alternative, a bond hearing (*id.*). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Based on the allegations in the Complaint, this case is one of numerous garden-variety cases in this District and across the country seeking habeas relief for immigrants detained within the United States but denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025). The Tenth Circuit has now conclusively resolved the interpretation of this statute in favor of Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226 at 1240 (10th Cir. 2026).

Because the primary legal dispute underlying the Petition appears resolved, the Court sees no purpose in awaiting a response from Respondents prior to granting relief. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (requiring "the district court must grant Santillan Quiroz's petition forthwith"). Should there be legal or factual issues not apparent from the Petition needing resolution by the Court prior to providing a bond hearing, Respondents may file a Motion seeking an extension or relief from this Order. *See* 28 U.S.C. § 2243 ("The return and all suggestions made against it may be amended, by leave of court, before or after being filed."); *Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a

preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b). Respondents are FURTHER ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time Petitioner was detained.

It is FURTHER ORDERED that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondents SHALL NOT REMOVE Petitioner from the District of Colorado except pursuant to a final order of removal from the United States. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

It is FURTHER ORDRED that, to the extent they have not yet done so, Petitioner is directed to (1) serve Respondents with a copy of the Petition and accompanying papers and a copy of this Order; and (2) promptly file proof of such service on the docket.

DATED September 11, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge