IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04253-GPG

DANNY JESUS FORD JARAMILLO,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,
TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

---

**ORDER**

---

Before the Court are the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Motion to Enforce the Court's September 11, 2026 Order and for Immediate Release Pursuant to 28 U.S.C. §§ 2241 and 2243 (Motion) (D. 11).

On September 11, 2026, the Court granted in part Petitioner's petition for a writ of habeas corpus and granted Petitioner "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest" (D. 4). *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence").

Petitioner had a bond redetermination hearing on September 18, 2026. The Immigration Judge (IJ), Meghan C. Buhl-Madsen, denied bond in an Order of Immigration Judge (Decision) based in part on a finding that Petitioner "is a significant flight risk that could not be mitigated by bond or alternates to detention" (D. 8-1 at 3). On September 25, 2026, petitioner again sought relief, seeking release (D. 11). Petitioner notes that Respondents have not filed a warrant issued prior to his arrest. *See Limon Soto v. Valdez*, No. 26-CV-03948-NYW, 2026 WL 2664193 (D. Colo. Sept. 10, 2026). The Court set an October 9, 2026 deadline for Respondents to respond (D. 12). Respondents did not file a response.

Accordingly, pursuant to this Court's inherent authority to enforce its September, 2026 Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that the Petition and Motion are GRANTED.

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an Immigration Judge. Respondents shall file a status report within five (5) days of this Order certifying compliance.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

Additionally, to correct a typographical error in D. 10, it is FURTHER ORDERED that the “Reply” at D. 9 is STRICKEN and the filing at D. 8 is no longer stricken.

DATED October 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge